JAMES R. CARVER, Defendant in Error, v. GEORGE P. SWAN *et al.*, Plaintiffs in Error.

Kansas City Court of Appeals, January 30, 1893.

Practice, Appellate: BILL OF EXCEPTIONS: MOTIONS: AFFIDAVIT, ETC.: WAIVER. Where no bill of exceptions is taken, the appellate court cannot notice matters in the shape of motions, affidavits, etc., and errors in the trial court in dealing with such matters are waived by failure to preserve exceptions.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*H. Winston*, for plaintiffs in error.

*Hatch & Middlebrook*, for defendant in error.

PER CURIAM.—This action was begun before a justice of the peace in 1887. There was a judgment for plaintiff and defendant afterwards appealed to the circuit court. The plaintiff entered his appearance in that court on the second day of the first term following the appeal. In November, 1888, the case was dismissed for want of prosecution. The plaintiff on the same day filed a motion to reinstate the case. It seems this motion was not disposed of until July, 1890, when the dismissal was set aside and the cause reinstated. During the time the case was thus held on this motion, it was not placed upon the docket for the intervening terms. The case being reinstated was docketed for trial at the January term, 1891, when the defendant failing to appear to prosecute his appeal from the justice, the judgment of the justice was affirmed. Defendant, during that term, filed his motion to set aside the judgment of affirmance and to strike the case from the docket. The judgment was set aside but the cause was not struck from the docket. The cause was for trial at the following April term, and defendant again not appearing, the judgment was affirmed. Again the judgment of affirmance was set aside, on defendant's motion. At the next term plaintiff filed an amended statement or petition. And defendant, again not appearing, a judgment was rendered against him after a hearing, as is said. Again defendant filed his motion to set aside the judgment and in arrest of

judgment. These the court overruled. Defendant has sued out this writ of error, *but he took no bill of exceptions* to any of the actions of the trial court; and from this omission we have nothing before us but the record proper. *Monroe City v. Finks*, 40 Mo. App. 369. We cannot find anything in the record proper wherewith to assail the judgment of the trial court. There is a mass of matter presented to us in the shape of motions, affidavits, etc., which we cannot notice as they were matters of error to be saved by a bill of exceptions, so as to become a part of the record.

The justice of the peace, before whom the action was instituted, had jurisdiction of such action, conceding it to have been defectively or imperfectly stated. The circuit court obtained the jurisdiction by reason of an appeal regularly taken, and in the state of the case as made its judgment for plaintiff must stand. Whatever errors, if any, were committed against defendant, they have all been waived by a failure to preserve them by exceptions.

We have given a careful consideration to defendant's suggestions, but find that, under the condition of the record, they are not well grounded. We will, therefore, affirm the judgment.